**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNA A.,<br><br>            Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 5:23-cv-00606-MEMF (DFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the decision of the Administrative Law Judge ("ALJ") be affirmed and that this action be dismissed with prejudice. (ECF No. 29.) Plaintiff's objections to the Report (ECF No. 30) do not warrant a change to the Magistrate Judge's findings or recommendations.

Plaintiff objects that the ALJ failed to properly account for Plaintiff's irritable bowel syndrome ("IBS") despite finding the condition severe. (ECF No. 30 at 2.) As a preliminary matter, a finding at step two that a condition is "severe"

does not establish that the requirements of step three are met; otherwise, they would not be two separate steps. And Plaintiff cites no authority suggesting that finding a condition "severe" at step two necessarily precludes a determination that the claimant has residual functional capacity or that the claimant has the residual functional capacity to perform the requirements of her past relevant work (step four). Those arguments are therefore rejected.

Plaintiff also argues that the ALJ set no limitation in the residual functional capacity due to IBS, despite Plaintiff's testimony about needing frequent bathroom breaks and the possibility of accidents. (*See id*. at 5-6.) The Plaintiff explicitly points to the alleged "*absence* of any limitation for IBS despite finding it to be [the Plaintiff's] 'most severe condition,'" and states that the RFC is "*devoid* of any limitation that would reflect what the record provides regarding Plaintiff's IBS." (*Id.* at 2 (emphasis added), 5 (emphasis added).) But the ALJ specifically spoke about the limitations, finding "to the extent the claimant's IBS affected her functionality during the relevant period, the residual functioning capacity identified above reasonably considers those limitations." (ECF No. 16-3 at 13.) It is therefore inaccurate that the ALJ set no limitation. As the ALJ found, Plaintiff testified at the hearing that, for these episodes, the "restroom breaks are typically only a few minutes each time." (ECF No. 16-3 at 14; *see also* ECF No. 16-3 at 35.) Thus, substantial evidence supported the ALJ's determination that, despite these episodes, Plaintiff had a residual functional capacity for light work *with "regular breaks"* throughout the workday. (ECF No. 16-3 at 11.) Given the standard that applies to this Court's review of the ALJ decision, this Court finds that the ALJ's determinations are adequately supported and explained.

Similarly, Plaintiff argues that the ALJ's decision is unsupported in light of her testimony about her symptoms and actually characterizes the ALJ's decision as "making speculative assumptions regarding improvement." (ECF No. 30 at 5.) As the Report found, however, the ALJ reasonably declined to credit Plaintiff's

testimony in part because it was inconsistent with Plaintiff's conservative treatment and effective management of symptoms with medication, as well as her daily activities. (ECF No. 29 at 6.) This speaks to whether the ALJ was required to credit her testimony about the impairment that her need for bathroom breaks or the possibility of accidents caused; the ALJ was not.

Plaintiff objects that her "testimony at the hearing does not reflect the improvement relied upon in the Magistrate Judge's finding." (ECF No. 30 at 3.) But the finding of improvement was not based on the testimony at the hearing, but by the medical evidence that showed a "multi-year period to establish that Plaintiff's treatment was effective in improving her IBS symptoms," which the ALJ was entitled to rely upon and which provides a sufficient basis for this Court to affirm the ALJ's findings. (ECF No. 29 at 7.) Plaintiff suggests that the fact that the evidence of improvement was from March 2022 makes it irrelevant given her alleged onset date, but the case law seems to be to the contrary, as cited in the Report, and Plaintiff has not pointed to any authority in support of this objection.

Finally, Plaintiff objects that the ALJ's residual functional capacity finding reflects a person who is unimpaired by IBS. (ECF No. 30 at 7.) But as the Report found, the ALJ determined Plaintiff's residual functional capacity after consulting medical opinions such as those from state agency consultants who assessed Plaintiff's IBS. (ECF No. 29 at 12.) Plaintiff has not shown that the ALJ erred in determining, upon consideration of the medical evidence, that Plaintiff had a residual functional capacity for light work with regular breaks. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2011) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity").

///

///

**ORDER**

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered affirming the decision of the Commissioner.

DATED: March 4, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE